

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 20, 1985

JM-399   OVERRULED H-708

Mr. Jim Lusk
Executive Director
Texas Amusement Machine Commission
P. O. Box 13226, Capitol Station
Austin, Texas    78711

Opinion No.  JM-399

Re: Proration of occupation tax under article 8802, V.T.C.S., and proration of license and registration fees under article 8817, V.T.C.S.

Dear Mr. Lusk:

You ask several questions regarding proration of certain fees and taxes to be collected by the Texas Amusement Machine Commission. The commission issues and collects fees for licenses and registration certificates for persons who engage in business activities involving coin-operated machines. V.T.C.S. art. 8817. The commission also collects the annual occupation tax on coin-operated machines. V.T.C.S. art. 8802.

Your first question deals with fees for licenses and registration certificates. Article 8817 specifies annual fees for various licenses and sets a $50 registration fee for persons who are exempt from the licensing requirements but who own and exhibit coin-operated machines. V.T.C.S. art. 8817, §§16, 16A. All licenses issued under article 8817 expire on December 31st of each year. Id. §9. It is implicit in article 8817 that registration certificates also expire on December 31st of each year. Compare art. 8817, §9, and art. 8817, §16A. Consequently, many initial licenses and registration certificates are valid for less than a full year. You ask whether you may prorate the fee for an initial license or registration certificate on a quarterly basis. We conclude that you cannot prorate fees for such licenses and registration certificates.

This office has issued several opinions dealing with proration of license fees. Those opinions have reached different conclusions as to the propriety of proration based on the language of the relevant statutes.

In a 1970 opinion this office considered whether the Texas State Department of Health could prorate licensing fees under article 4477-6, V.T.C.S. Attorney General Opinion M-580 (1970). That statute provided that such licenses must be renewed each year by January 1st. V.T.C.S. art. 4477-6, §13. The section of the statute that listed

annual fees for licenses began with the following words: "The following fees shall accompany each application. . . ." Id. §12. This office concluded that those words made clear that the department had no authority to prorate the annual fee for the initial license. A 1972 opinion relied on similar language in the Texas Structural Pest Control Act, article 135b-6, V.T.C.S., in concluding that the Structural Pest Control Board could not prorate the initial fee for a license under the act. Attorney General Opinion M-1107 (1972).

In contrast, Attorney General Opinion H-708 (1975) concluded that the fee provided for in the following statute could be prorated:

> The annual fee for each auctioneer's license issued by the commissioner to a resident of this state is $100. The annual fee for each auctioneer's license issued by the commissioner to a nonresident is $300. The commissioner shall issue the license upon receipt of payment of all license fees. All licenses expire annually on the last day of December of each year and shall be renewed upon the receipt of the written request of the licensee and the required license fee. . . .

Acts 1975, 64th Leg., ch. 320, §4(a), at 828 (the 1975 version has since been amended by Acts 1977, 65th Leg., ch. 314, at 842). Attorney General Opinion H-708 distinguished Attorney General Opinions M-580 and M-1107 because the statutes considered in those two opinions contained language requiring an initial application to be accompanied by the specified fees, whereas the language in the statute considered in Attorney General Opinion H-708 set an "annual fee" but did not specifically require that the "annual fee" accompany an initial application. Therefore, the opinion concluded, the annual fee could be prorated for a license that would not be valid for a full year.

The language used in article 8817 compels us to follow Attorney General Opinions M-580 and M-1107 rather than Attorney General Opinion H-708, the continuing validity of which we would question in any case. As we pointed out previously, section 16 of article 8817 specifies annual license fees, and contains the following provision regarding applications for licenses:

> The application must be accompanied by the annual license fee in the form of a cashier's check or money order payable to the commission. (Emphasis added).

V.T.C.S. art. 8817, §13. Because article 8817 sets out annual license fees in one section and in another section requires that an initial application for a license te accompanied by "the annual license fee," you may not prorate the fee for an initial license.

Also, article 8817 contains the following provision regarding registration fees:

> The fee for registration of machines affected by this section is $50 for the business entity in which the owner's machines are exhibited. The fee shall be paid to the commission by cashier's check or money order.

V.T.C.S. art. 8817, §16A(4). Here the statute simply sets a fee -- not an "annual" fee -- for registration and then requires that "the fee" be paid to the commission. This language does not permit you to prorate the initial fee for registration.

Your second question is whether you may prorate the occupation tax on coin-operated machines. V.T.C.S. art. 8802. Article 8802 provides:

> Every 'owner', save an owner holding an import license and holding coin-operated machines solely for re-sale, who owns, controls, possesses, exhibits, displays, or who permits to be exhibited or displayed in this State any 'coin-operated machine' shall pay, and there is hereby levied on each 'coin-operated machine', as defined herein in Article 13.01, except as are exempt herein, an annual occupation tax of $30.00, except that the annual tax on each coin-operated machine that is designed exclusively for showing motion pictures is $1,500.00. The tax shall be paid to the commission by cashier's check or money order.

In 1941, this office considered whether the Comptroller of Public Accounts could make a rule permitting the payment of occupation taxes on coin-operated machines on a quarterly basis. Attorney General Opinion O-3009 (1941). This office concluded that the comptroller had no authority to do so. The requestor had suggested that the following statute would permit such a rule:

> [T]he payment of the specific tax herein provided for, shall be required by the collector of taxes to be made before any person, firm, or association of persons shall be allowed to engage in any occupation requiring a license under the pro-visions of this act, <u>this payment to be made for a period not less than three months.</u>  (Emphasis added).

Acts 1879, 16th Leg., ch. 134, §8, at 149 (formerly codified as article 7052, V.T.C.S.), repealed by Acts 1981, 67th Leg., ch. 389,

§39(b), at 1785. (Although the repealer was part of a recodification that was not intended to make any substantive change in the law, Acts 1981, 67th Leg., ch. 389, §40, at 1787, the underlined language does not appear in the Tax Code.) In dictum, this office said that the underlined language meant that payment of the occupation tax could be made on a quarterly basis in the initial year of payment. See Attorney General Opinion O-3009 (1941).

The comptroller no longer collects the occupation tax on coin-operated machines; the Texas Amusement Machine Commission does. V.T.C.S. art. 8802. We find nothing comparable to the former article 7052 in the statutes governing the Texas Amusement Machine Commission or in the statutes governing the occupation tax on coin-operated machines that would permit proration of the occupation tax in the initial year of payment.

## SUMMARY

The Texas Amusement Machine Commission may not prorate the fee for an initial license or registration certificate. V.T.C.S. art. 8817. The Texas Amusement Machine Commission may not prorate the occupation tax on coin-operated machines. V.T.C.S. art. 8802.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General